**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Emily A. Horne (State Bar No. 347723)
Ines Diaz Villafana (State Bar No. 354099)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com
         ehorne@bursor.com
         idiaz@bursor.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASINA BUTLER and BENSON PAI, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiffs,<br>　v.<br><br>BIC USA INC.,<br><br>　　　　　　　　　　　　Defendant. | Case No. 4:24-cv-02955-JST<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**FED. R. CIV. P. 26(f)(3)**<br><br>**Initial Case Management Conference**<br>Date: August 13, 2024<br>Time: 2:00 p.m.<br>Hon. Jon S. Tigar |

Plaintiffs Casina Butler and Benson Pai ("Plaintiffs"), and Defendant BIC USA Inc. ("Defendant"), the parties to the above-titled action (collectively, the "Parties"), hereby submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California, Civil Local Rule 16-9.

**1. Jurisdiction and Service**

Plaintiffs allege that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d)(2) because the proposed Classes consist of 100 or more members; the amount in controversy exceeds $5,000,000, exclusive of costs and interest; and minimal diversity exists.

Defendant was served on May 21, 2024.  No other parties remain to be served.

**2. Facts**

*Plaintiffs' Position*

On May 15, 20224, Plaintiffs filed a putative class action complaint ("Complaint") against Defendant for Defendant's failure to inform consumers about its intentional use of per- and polyfluoroalkyl substances ("PFAS") in its BIC razor products.  Plaintiffs allege that Defendant disclosed its intentional use of PFAS in its products to the Maine Department of Environmental Protection, following Maine's legislation requiring manufacturers to disclose intentional use of PFAS in products manufactured.  Plaintiffs seek to represent (i) a class of all persons in the United States who purchased the Products during the class period; and (ii) a subclass of persons in California who purchased the Products during the class period. Therefore, Plaintiffs bring claims against Defendant under California's Unfair Competition Law, False Advertising Law, Consumers Legal Remedies Act, as well as claims for fraud, negligent failure to warn, and unjust enrichment.

*Defendant's Position*

In this putative consumer class action, Plaintiffs contend that Defendant failed to disclose to consumers that its razor products contain PFAS.  Plaintiffs base their claims on Defendant's disclosure to the Maine Department of Environmental Protection in January 2023, in which BIC voluntarily disclosed that its razor products contain a miniscule amount of one type of PFAS chemical, PTFE, that is widely used in the razor industry.  Despite failing to allege that PTFE, specifically, can cause adverse health effects at the levels contained in Defendant's razor products,

Plaintiffs allege that they would not have purchased the products, or would have paid less for them, had BIC disclosed the presence of PFAS. Plaintiffs do not allege that Defendant made any affirmative misrepresentations regarding the presence or absence of PFAS in the razor products, and their claims are purely omission-based.

Defendant denies that the Complaint states a viable claim for relief, and therefore denies that any factual issues are properly in dispute. Defendant further denies that it omitted any information that it was required to disclose to consumers or that its omissions were misleading or deceptive. Defendant also denies that Plaintiffs suffered any injury as a result of the alleged omissions. Defendant will be filing a motion to dismiss the Complaint on these and other grounds on August 12, 2024.

**3. Legal Issues**

*Plaintiffs' Position*

The following is a brief statement of the legal issues in dispute:

- Did Defendant violate California's Unfair Competition Law?
- Did Defendant violate California's False Advertising Law?
- Did Defendant violate California's Consumers Legal Remedies Act?
- Did Defendant commit fraud in connection with the sale of its products?
- Did Defendant negligently fail to warn its customers about the presence of PFAS in its products?
- Was Defendant unjustly enriched by the sale of the products?
- Whether class treatment of this matter is appropriate?
- Whether Plaintiffs and the Class and California Subclass are entitled to damages, punitive damages, reasonable attorneys' fees and other litigation costs reasonably incurred, and other preliminary and equitable relief as the Court determines to be appropriate, as a result of Defendant's conduct?

***Defendant's Position***

Defendant submits that the following legal issues are relevant to this action:

- Whether Plaintiffs have adequately pled each of their claims, including under the pleading requirements set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and its progeny and Fed. R. Civ. P. 9(b);
- Whether Defendant made any material omissions regarding the presence or absence of PFAS in its razor products;
- Whether Plaintiffs relied on any purported omissions regarding Defendant's razor products;
- Whether Defendant had a duty to disclose the presence of PTFE to consumers;
- Whether Plaintiffs have suffered any harm, injury, loss or damages as a result of the purported omissions;
- What state's laws apply to the various claims Plaintiffs have presented;
- Whether Plaintiffs are entitled to injunctive or equitable relief;
- Whether Plaintiffs may maintain a class action against Defendant;
- Whether Plaintiffs' claims are sufficiently common that an aggregated proceeding is both manageable and comports with due process, and whether Plaintiffs can meet their burden to establish that all requirements for class certification are met;
- Whether Plaintiffs are entitled to compensatory, statutory or punitive damages, restitution, attorneys' fees, costs or other relief requested or provided for by federal and state law; and
- Whether Defendant is entitled to costs, attorneys' fees or any other relief the Court deems appropriate.

### 4. Motions

The Parties have not filed any motions at this time. Plaintiffs anticipate filing a motion for class certification and reserve the right to file a motion for summary judgment, *Daubert* motions, and other pre-trial motions at the appropriate time.

Defendant anticipates filing a motion to dismiss Plaintiffs' Complaint on August 12, 2024. If the case survives dismissal, Defendant anticipates that it will file a motion for summary judgment, and that it may file any necessary or appropriate discovery motions, *Daubert* motions, motions *in limine* and any other pre-trial motions. Defendant will also oppose any motion for class certification.

### 5. Amendment of Pleadings

*Plaintiffs' Statement*

Plaintiffs do not anticipate filing an Amended Complaint at this time but reserve the right to do so under Fed. R. Civ. P. 15(a)(1)(B). Plaintiffs may also seek leave to amend as may be appropriate based on discovery and/or further developments in the case.

The Parties agree that the deadline to join additional parties or amend the Complaint be set for September 13, 2024.

### 6. Evidence Preservation

The Parties certify that they have all reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. The Parties further confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action. Further, all Parties' counsel have taken steps to advise their clients about the need to preserve relevant evidence.

### 7. Disclosures

The Parties' counsel of record held the Rule 26(f) conference by Zoom. The parties will exchange their initial disclosures within 14 days of the final resolution of the pleadings (including the resolution of Defendant's forthcoming motion to dismiss, and any motions to dismiss future amended complaints, if leave to amend is granted).

### 8. Discovery

The Parties have not yet served discovery. Plaintiffs intend to serve an initial set of document requests shortly, but have agreed to stay any responses or production until after the final resolution of the pleadings (including the resolution of Defendant's forthcoming motion to dismiss, and any motions to dismiss future amended complaints, if leave to amend is granted). The Parties

propose that they would exchange initial disclosures within 14 days after final resolution of the pleadings. The Parties have agreed to accept service of discovery requests and responses via email. The Parties further agree to cooperate and work in good faith toward reaching an agreement on a stipulation regarding the preservation and production of electronically stored information, as well as a protective order governing the discovery and use of confidential information.  If agreement cannot be reached, the Parties will seek Court intervention.

*Plaintiffs' Position*

Plaintiffs intend to seek discovery regarding, among other things: (i) Defendant's disclosures of its intentional use of PFAS to the State of Maine; (ii) the number of individuals who purchased the Products Nationwide and in California during the class period; (iii) all gross and net revenues derived from Defendant's sale of the Products; and (iv) Defendant's intentional use of PFAS in its Products.  Plaintiffs may also subpoena third parties for the foregoing information.  Plaintiffs notes that this list is preliminary in nature and may change as discovery commences.

*Defendant's Position*

Defendant has not yet served any discovery to date. If the case survives dismissal at the pleadings stage, Defendant anticipates seeking discovery regarding, among other things: (1) Plaintiffs' purchases of Defendant's razor products; (2) Plaintiffs' alleged economic injuries and purported damages; (3) Plaintiffs' knowledge and communications regarding the use of PFAS in razor products and regarding PFAS generally.

**9.  Class Actions**

*Plaintiffs' Position*

Plaintiffs intend to move for class certification consistent with the proposed schedule included in Section 15 below.  Plaintiffs' counsel has reviewed the Procedural Guidelines for Class Action Settlements.

*Defendant's Position*

Defendant denies that this case is maintainable as a class action, and contends that no putative class should be certified. Defendant contends that the class certification deadlines should be set consistent with the proposal in Section 15 below.

**10. Related Cases**

The Parties are not aware of any related cases.

**11. Relief**

*Plaintiffs' Position*

Plaintiffs seek all available damages (including but not limited to compensatory damages, consequential damages, statutory damages, and punitive damages), injunctive relief, restitution/disgorgement, pre/post-judgment interest, attorneys' fees, and costs and expenses.

*Defendant's Position*

Defendant denies that Plaintiffs are entitled to any relief.

**12. Settlement and ADR**

Rule 26(f)(2) requires the parties to discuss "the possibilities for promptly settling or resolving the case."  The Parties have discussed ADR options, however, no mediation is scheduled and no settlement has been agreed upon at this time.

The Parties have reviewed the ADR procedures in ADR L.R. 3-5, and intend to submit an ADR stipulation selecting private mediation at the appropriate time.

**13. Other References**

The Parties do not believe that the case is suitable for reference to binding arbitration or a special master at this time. The Parties have not consented to the jurisdiction of a magistrate judge.

**14. Narrowing of Issues**

The Parties do not believe any issues can be narrowed at this time.  The Parties agree to work together in good faith to identify any such issues as the case progresses.

**15. Scheduling**

Given Defendant's anticipated motion to dismiss, the Parties agree to stay discovery, including responses and production to Plaintiffs' forthcoming requests for production, pending resolution of the pleadings. The Parties further respectfully request that the Court allow them 30 days after a decision on that motion to meet and confer about a pretrial schedule (including class certification deadlines) and to submit a proposed schedule. If the Court prefers to set a schedule now, the parties tentatively propose the following schedule:

| Event/Action | Proposed Deadline |
|---|---|
| Initial Disclosures | 14 days after final resolution of the pleadings |
| Submission of Stipulated Protective Order and ESI Order | 30 days after final resolution of the pleadings |
| Class Certification Motion | 12 months after the resolution of the pleadings |
| Class Certification Opposition | 45 days after Plaintiffs' Motion for Class Certification is filed |
| Class Certification Reply | 30 days after Defendant's Opposition to Motion for Class Certification is filed |
| Fact Discovery Completion (for non-expert discovery) | 90 days after class certification ruling |
| Initial Expert Disclosures | 30 days after fact discovery completion date |
| Rebuttal Expert Disclosures | 30 days after disclosure of merits experts |
| Expert Discovery Cutoff | 30 days after rebuttal expert disclosures are served |
| Motion For Summary Judgment | 30 days after close of expert discovery |
| Summary Judgment Opposition | 4 weeks after Motion |
| Summary Judgment Reply | 4 weeks after Opposition |
| *Daubert* Motions | 30 days after close of expert discovery |
| Motions in Limine | To be set after a decision on Class Certification and any motion for summary judgment |
| Final Pre-Trial Conference | 30 days after filing of motions in limine |
| Trial | 3 weeks after pretrial conference |

The Parties reserve the right to demand expert disclosures and depositions in the event expert evidence is used to support or oppose class certification, and will meet and confer in good faith to propose a schedule for any such disclosure and depositions as necessary.

### 16. Trial

Plaintiffs have demanded a jury trial of any claims triable by a jury. The Parties respectfully submit that it is premature to set a date certain for trial or estimate the length of trial until Plaintiffs' motion for class certification is decided.

### 17. Disclosure of Non-Party Interested Entities or Persons

Defendant filed its Certificate of Interested Entities and Corporate Disclosure on June 5, 2024 (ECF Nos. 13, 14). Other than as set forth in those filings, the Parties are not aware of any

non-party interested entities or person, other than putative class members.

**18. Professional Conduct**

Counsel for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California and agree to comply with them.

**19. Other**

All Parties agree that each will serve and accept all documents and communications (including discovery requests and responses and production) in this civil action by email. The Parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Dated: August 6, 2024                **BURSOR & FISHER, P.A**.

By:   */s/ L. Timothy Fisher*

L. Timothy Fisher (State Bar No. 191626)
Emily A. Horne (State Bar No. 347723)
Ines Diaz Villafana (State Bar No. 354099)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com
            ehorne@bursor.com
            idiaz@bursor.com

*Attorneys for Plaintiffs*

Dated:  August 6, 2024                **HOGAN LOVELLS US LLP**

By:   */s/ Lauren Colton*
            Lauren Colton

Trenton H. Norris (State Bar No. 164781)
**HOGAN LOVELLS US LLP**
4 Embarcadero Center, Suite 3500
San Francisco, California 94111
Phone Number (415) 374-2365
Fax Number: (415) 374-2499
trent.norris@hoganlovells.com

Lauren Colton (*pro hac vice*)
**HOGAN LOVELLS US LLP**

100 International Drive, Suite 2000
Baltimore, Maryland 21202
Phone Number: (410) 659-2733
Fax Number: (410) 659-2701
lauren.colton@hoganlovells.com

*Attorneys for Defendant*

## SIGNATURE ATTESTATION

Pursuant to Civil L.R. 5-1(i)(3), the filer of this document attests that all signatories have concurred in its filing.

By: ___/s/     L Timothy Fisher___
       L. Timothy Fisher