Trenton H. Norris (Bar No. 164781)
Alexander Tablan (Bar No. 346309)
**HOGAN LOVELLS US LLP**
4 Embarcadero Center, Suite 3500
San Francisco, CA 94111
Telephone: (415) 374-2300
Facsimile:  (415) 374-2499
trent.norris@hoganlovells.com
alexander.tablan@hoganlovells.com

Lauren S. Colton (*Pro Hac Vice*)
**HOGAN LOVELLS US LLP**
100 International Drive, Suite 2000
Baltimore, MD 21202
Telephone: (410) 659-2700
Facsimile:  (410) 659-2701
lauren.colton@hoganlovells.com

*Attorneys for Defendant BIC USA INC.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASINA BUTLER and BENSON PAI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BIC USA INC.<br><br>Defendant. | Case No. 4:24-cv-02955-JST<br><br>Hon. Jon S. Tigar<br><br>**DEFENDANT BIC USA INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>Hearing Date: October 10, 2024<br><br>Time: 2:00 p.m.<br><br>Courtroom 6 – 2nd Floor |

## REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201(b) and this Court's inherent authority to take judicial notice, Defendant BIC USA Inc. ("BIC") respectfully requests that the Court take judicial notice of the following:

| | |
|---|---|
| Exhibit 1 | Lori Valigra, *New list of thousands of products with 'forever chemicals' in Maine includes BIC razors and floor finishes*, Bangor Daily News, (Mar. 6, 2024), available at https://www.bangordailynews.com/2024/03/06/mainefocus/thousands-of-maine-products-pfas-bic-razors-floor-products/ |
| Exhibit 2 | Jeffrey Kluger, *Companies knew the dangers of PFAS 'forever chemicals'—and kept them secret*, TIME (June 1, 2023), available at https://time.com/6284266/pfas-forever-chemicals-manufacturers-kept-secret/ |
| Exhibit 3 | Nicholas J. Herkert, et al., *Characterization of Per- and Polyfuorinated Alkyl Substances Present in Commercial Anti-fog Products and Their In Vitro Adipogenic Activity*, 56 Env. Sci. Tech. 1162-73 (2022). |
| Exhibit 4 | The White House, *Fact Sheet: Biden-Harris administration takes critical action to protect communities from PFAS pollution in drinking water* (Apr. 10, 2024), available at https://www.whitehouse.gov/briefing-room/statements-releases/2024/04/10/fact-sheet-biden-harris-administration-takes-critical-action-to-protect-communities-from-pfas-pollution-in-drinking-water/ |
| Exhibit 5 | Qian He, et al., *A Close Shave: New PFAS-Free Alternatives to PTFE Surface Lubricating Coatings for Razor Blades Could Mean Great Shaving*, Paint & Coatings Industry Magazine (Aug 7, 2023), available at https://www.pcimag.com/articles/111660-a-close-shave |
| Exhibit 6 | Defend Our Health, *PFAS use widespread in products sold in Maine, industry reports reveal* (Jan. 4, 2024), available at https://defendourhealth.org/news/pfas-use-widespread-in-products-sold-in-maine-industry-reports-reveal/ |
| Exhibit 7 | Agency for Toxic Substances and Disease Registry (ATSDR), *PFAS FAQs*, available at https://www.atsdr.cdc.gov/pfas/resources/pfas-faqs.html |
| Exhibit 8 | U.S. EPA, *Our Current Understanding of the Human Health and Environmental Risks of PFAS*, available at https://www.epa.gov/pfas/our-current-understanding-human-health-and-environmental-risks-pfas |

Pursuant to Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See also* Fed. R. Evid. 201(c)(2) (providing that the court "must take judicial notice if a party requests it and the court is supplied with the necessary information").

"On a motion to dismiss, the court may also 'consider materials incorporated into the

1   complaint' when 'the complaint necessarily relies upon a document or the contents of the document
2   are alleged in a complaint, the document's authenticity is not in question and there are no disputed
3   issues as to the document's relevance.'" *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1031
4   (N.D. Cal. 2018) (Tigar, J.) (quoting *Coto Settlement v. Eisenberg*, 592 F.3d 1031, 1038 (9th Cir.
5   2010)). "This is true even if 'the plaintiff does not explicitly allege the contents of that document
6   in the complaint.'" *Rollins*, 338 F. Supp. 3d at 1031 (quoting *Knievel v. ESPN*, 393 F.3d 1068, 1076
7   (9th Cir. 2005)). The incorporate-by-reference doctrine "prevents plaintiffs from selecting only
8   portions of documents that support their claims, while omitting portions of those very documents
9   that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002
10  (9th Cir. 2018).  For this reason, courts "routinely consider the full page [of a] website where, as
11  here, [a] portion of the page is quoted or relied on in the complaint." *In Re Samsung Galaxy
12  Smartphone Mktg. & Sales Pracs. Litig.*, No. 16-cv-06391-BLF, 2020 WL 7664461, at *3 (N.D.
13  Cal. Dec. 24, 2020) (quotations omitted).

14      Furthermore, "because of their perceived reliability, courts have often admitted records
15  taken from websites maintained by government agencies." *Rollins*, 338 F. Supp. 3d at 1032
16  (collecting cases).

17      Here, Exhibits 1-6 are cited and relied on in the Complaint, and thus are judicially noticeable
18  under the incorporation-by-reference doctrine.  Exhibits 4, 7, and 8 are also subject to judicial notice
19  because they are taken directly from government websites, whose accuracy and reliability cannot
20  reasonably be questioned.

21      Accordingly, Defendant BIC respectfully requests that the Court take judicial notice of
22  Exhibits 1-8.

| | | |
|---|---|---|
| 1 | Date: August 12, 2024 | **HOGAN LOVELLS US LLP** |

By: */s/ Trenton H. Norris*
Trenton H. Norris
Lauren S. Colton

*Attorneys for Defendant
BIC USA Inc.*